**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HAILEY, et al., | Civil Action No.: 07-2352 (JLL) |
| Plaintiffs, | |
| v. | |
| AGL RESOURCES, INC., et al., | **OPINION** |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court by way of motions to dismiss the instant Complaint filed by two groups of Defendants, respectively.[1] The Court has considered the submissions made in support of, and in opposition to, the instant motions.[2] No oral argument was heard. Fed. R. Civ. P. 78. For the reasons that follow, the Court grants Defendants' motions to dismiss.

## **FACTUAL BACKGROUND**[3]

Plaintiffs are former employees of Defendant AGL Resources, Inc. ("AGL"), and/or its

---

[1] The Defendants filed motions to dismiss in lieu of filing answers pursuant to Fed. R. Civ. P. 12(b)(6).

[2] Local Civil Rule 7.2(b) requires that "[a]ny brief shall include a table of contents and a table of authorities." The briefs submitted by Plaintiffs' counsel in opposition to the pending motions to dismiss contain neither a table of contents, nor a table of authorities. While the Court could strike Plaintiffs' opposition briefs on such a basis, the Court will, as a one-time courtesy to Plaintiffs' counsel, overlook this error. Nevertheless, Plaintiffs' counsel is hereby cautioned to adhere to all applicable rules, including Local Civil Rule 7.2(b), in all future filings.

[3] For purposes of adjudicating the pending motions to dismiss, Plaintiffs' allegations set forth in the Complaint are presumed to be true. See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

predecessor, NUI Utilities, Inc., d/b/a Elizabethtown Gas Company ("NUI").[4] At all relevant times, AGL was engaged in the distribution, sales, and service of natural gas within the State of New Jersey. As employees of AGL, Plaintiffs were members of a union – Local 424 Utility Workers of America, AFL-CIO (hereinafter "Local 242").

Between June and September 2005, Plaintiffs – all of whom were eligible for retirement – each received an offer to enter into AGL's Voluntary Severance Plan (hereinafter "VSP" or "Plan"). Under the terms of the VSP, Plaintiffs would receive: (1) severance pay, (2) enhanced pension benefits, (3) continued participation in the employer's group life insurance plan for a period of 26 weeks, and (4) "[f]or those employees who were retirement eligible, coverage under the retiree medical coverage plan provided by Defendants, AGL and/or NUI. Employees who were not retiree eligible were offered coverage under COBRA, during the first 26 weeks thereof the Defendant, AGL to pay the premium therefore." (Compl., ¶ 9).

As a condition of entry into the VSP, the Complaint alleges that Defendants required that Plaintiffs sign a "Severance Agreement" which included a release and waiver. Before Plaintiffs signed the Severance Agreement, Defendant AGL – through its employees Jerrold R. Hill, Sandra McLachlan and Eric Martinez – and Defendant Local 424 – through representatives Richard Morrissey, Paulo Rodrigues, Richard Newcomb and Joseph Pietrangelo – made certain representations to Plaintiffs. In particular, the Complaint alleges that Defendants AGL and Local 424 represented that Plaintiffs could elect medical coverage under the retiree medical coverage

---

[4] Although the Complaint does not specify, AGL Defendants claim that Defendant AGL is actually the parent company of Defendant NUI. In any event, the specific nature of the relationship between Defendants AGL and NUI is immaterial for purposes of the instant motion.

plan upon severance from employment because they were retirement eligible employees, and that the cost of such coverage would be "substantially the same as" the monthly contribution they were making as active employees – $70.00 per month.

Based on such representations regarding the VSP, Plaintiffs each severed their respective employments with Defendants, at which time they were initially placed on COBRA coverage which was paid for by Defendants. However, such COBRA coverage expired six months after their severance. By that point, AGL had apparently made certain changes to its retiree health coverage, which resulted in increased premiums, co-payments and deductibles. As a result, Plaintiffs' health plan premiums increased from $70.00 per month, as active employees, to $777.00 per month, as retirees. Upon learning of the increased cost of retiree medical coverage, Plaintiffs petitioned Defendants AGL, NUI and Local 424 for relief, to no avail.

In light of the foregoing, Plaintiffs commenced the instant cause of action on May 17, 2007. Plaintiff's Complaint alleges claims for (1) breach of fiduciary duty, (2) equitable estoppel, (3) breach of contract, (4) violation of Law Against Discrimination, (5) fraud, and (6) fraudulent concealment by fiduciary.[5]  This Court's jurisdiction is premised on Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). (Compl., ¶ 1).

On July 27, 2007, Defendants Local 424, Richard Newcomb, Joseph Pietrangelo, Richard Morrissey and Paulo Rodrigues (collectively referred to as "Local 424 Defendants") filed a motion to dismiss the instant Complaint. Shortly thereafter, Defendants AGL, NUI,

---

[5] To the extent that the Court should construe count ten as alleging a substantive claim, the Court finds that any such claim has been inadequately pled, and must therefore be dismissed, without prejudice. See infra Discussion, Part II.

Administrative Committee, Elizabeth Town Gas, Voluntary Severance Plan, Jerrold R. Hill, Sandra McLachlan and Eric Martinez (collectively referred to as "AGL Defendants") filed a similar motion to dismiss. For purposes of efficiency, this Court will address both motions herein.

## LEGAL STANDARD

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[6] See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, "factual allegations must be enough to raise a right to relief above the speculative

---

[6] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

level on the assumption that all of the complaint's allegations are true." Id. Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims. Scheuer, 416 U.S. at 236. With this framework in mind, the Court turns now to Defendants' motions.

## ANALYSIS

### I.   AGL Defendants' Motion to Dismiss

AGL Defendants seek dismissal of the instant Complaint on the basis that (a) counts four and five fail to state a claim upon which relief may be granted, and (b) counts six through nine are based upon state law theories of recovery and are completely preempted by ERISA. AGL Defendants also request that Plaintiffs' jury demand and request for compensatory and/or punitive damages be stricken because neither is available under ERISA. Plaintiffs oppose certain aspects of AGL Defendants' motion, or, alternatively, request leave to amend their Complaint.

#### A.   Failure to State a Claim

AGL Defendants argue that Plaintiffs' breach of fiduciary duty and equitable estoppel claims cannot be brought pursuant to ERISA § 502(a)(1)(B) and should, therefore, be dismissed.

Breach of Fiduciary Duty

Count four of the Complaint alleges, in relevant part, that Defendants intentionally made "false and misleading material statements to Plaintiff regarding the nature and cost of retiree medical coverage," thereby breaching its fiduciary duties to Plaintiffs in "violation of Section 404(a)(1) of ERISA." (Compl., ¶ 28). Section 404(a)(1) of ERISA, in turn, provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C.A. § 1104(a)(1).

In support of their motion to dismiss Plaintiffs' breach of fiduciary duty claim, AGL Defendants argue that "[i]t is black letter law in this Circuit that a plaintiff cannot bring a breach of fiduciary duty claim under ERISA § 502(a)(1)(B)." (AGL Def. Br. at 9).  See Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Plan, 24 F.3d 1491, 1500 (3d Cir. 1994) (noting that plaintiff "may not recover damages for a breach of fiduciary duty under section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B)."). Plaintiffs do not dispute that the Complaint – on its face – is brought pursuant to Section 502(a)(1)(B) of ERISA, nor do Plaintiffs dispute the fact that a breach of fiduciary duty claim cannot be brought under Section 502(a)(1)(B) of ERISA.[7] Because Plaintiffs "may not recover damages for a breach of fiduciary duty under section 502(a)(1)(B) of ERISA," id., Plaintiffs' claim for breach of fiduciary duty – as currently drafted – fails to state a claim upon which relief may be granted. Therefore, the Court dismisses the fourth count of the Complaint without prejudice.

### Equitable Estoppel

Count five of the Complaint alleges, in relevant part, that "Defendants by virtue of having made false and misleading statements to Plaintiffs regarding the nature of and cost of retiree medical coverage, should be estopped from denying to Plaintiffs retiree medical coverage at a cost no greater than charged to active employees of Defendants, NUI." (Compl., ¶ 29).

Defendants move to dismiss Plaintiffs' equitable estoppel claim on the same basis as the

---

[7] To the extent that Plaintiffs argue that their claim is actually brought pursuant to either Section 502(a)(2) or 502(a)(3) – despite conceding that the Complaint mentions neither section– the Court reminds Plaintiffs that a complaint may not be amended through statements contained in a brief filed in opposition to a motion to dismiss. See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988); Shoenfeld Asset Mgmt. LLC v. Cendant Corp., 142 F. Supp. 2d 589, 613-14 (D.N.J. 2001).

breach of fiduciary duty claim – namely, that a claim for equitable estoppel may not be asserted under Section 502(a)(1)(B) of ERISA. See Hooven v. Exxon Mobil Corp., 465 F.3d 566, 578 (3d Cir. 2006) (noting that "Section 502(a)(1)(B) provides a cause of action for benefits accrued under an ERISA plan or SPD," whereas "any plaintiff who has relied on an inaccurate or misleading term of an SPD to his or her detriment can recover on a claim for breach of fiduciary duty, or, in 'extraordinary circumstances,' an equitable estoppel claim, under ERISA section 502(a)(3)(B)"). Once again, Plaintiffs do not dispute that the Complaint – on its face – is brought pursuant to Section 502(a)(1)(B) of ERISA, nor do Plaintiffs dispute the fact that a claim for equitable estoppel cannot be brought under Section 502(a)(1)(B) of ERISA.[8] Accordingly, Plaintiffs' claim for equitable estoppel – as currently drafted – fails to state a claim upon which relief may be granted. Therefore, the Court dismisses the fifth count of the Complaint without prejudice.

**B.    Preemption**

Defendants allege that Plaintiffs' claims for (a) breach of contract, (b) Law Against Discrimination, (c) fraud, and (d) fraudulent concealment should be dismissed on the basis that they are each preempted by ERISA.

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." Ingersoll-Rand Co. v. McClendeon, 498 U.S. 133, 137 (1990) (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983)). "ERISA contains a sweeping preemption clause, which states that ERISA shall 'supersede any and all State laws

---

[8] Again, the Court is unpersuaded by Plaintiffs' argument that such claim is actually brought pursuant to Section 502(a)(3). See supra note 7 and accompanying text.

insofar as they may now or hereafter relate to any employee benefit plan.'" LaMonica v. Guardian Life Ins. Co. of Am., No. 96-6020, 1997 WL 80991, at *5 (D.N.J. Feb. 20, 1997) (quoting 29 U.S.C. § 1144(a)).  Courts conduct a two-part analysis for determining whether state law claims are preempted by ERISA.  See, e.g., Pane v. RCA Corp., 667 F. Supp. 168, 170 (D.N.J. 1987), aff'd, 868 F.2d 631 (3d Cir. 1989); Way v. Ohio Casualty Ins. Co., 346 F. Supp.2d 711 (D.N.J. 2004).  First, a court must assess whether the plan at issue qualifies as an ERISA benefits plan.  Second, the court must determine whether the applicable state laws "relate to"[9] that plan.  See id.

In the case at bar, neither party disputes that the Voluntary Severance Plan at issue is governed by ERISA.  Thus, the first prong of this test is satisfied.  The second prong – namely, whether or not the state laws "relate to" the ERISA plan – is, therefore, the focus of this Court's analysis.

## Breach of Contract

Plaintiffs breach of contract claim alleges, in its entirety, that "Defendants, AGL and NUI, have breached the terms of their contract with Plaintiffs under the terms of the Voluntary Severance Plan." (Compl., ¶ 31).  It is entirely unclear from the face of the Complaint, however, whether Plaintiffs wish to assert their "breach of contract" claim under state law, or whether they seek, instead, to recover benefits due under the Plan pursuant to Section 502(a)(1)(B) of ERISA.

In this regard, AGL Defendants have attempted to decipher the various grounds upon which they believe Plaintiffs' breach of contract claim may rest, and have then attempted to attack all such grounds.  For instance, AGL Defendants argue, first, that Plaintiffs' state law

---

[9] See generally Section 514(a) of ERISA, 29 U.S.C. § 1144(a).

8

breach of contract claim is preempted by ERISA given that the claim clearly "relates to" to an ERISA plan and requires the Court to "look to the VSP and the alleged misrepresentations to resolve the claim." (AGL Def. Br. at 11-12). In the alternative, AGL Defendants argue that, to the extent the Court construes count six as arising under ERISA § 502(a)(1)(B), the claim should nonetheless be dismissed because "where a plaintiff seeks benefits that are not available under the plan terms, it is appropriate to dismiss the claim at the pleading stage." (AGL Def. Br. at 13-14). In light of such uncertainty, and given the Court's own inability to determine the actual theory underlying Plaintiffs' breach of contract claim, the Court finds that Defendants have not been given proper notice of what the claim is and the specific grounds upon which it rests, in violation of Rule 8(a) of the Federal Rules of Civil Procedure. See, e.g., Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (plaintiff's "statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'") (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) (quoting, in turn, Conley v. Gibson, 355 U.S. 41 (1957)). The Court, therefore, dismisses the sixth count of the Complaint for failure to comply with Rule 8(a), without prejudice.[10]

---

[10] Although the Court dismisses Plaintiffs' "breach of contract" claim for failure to comply with Rule 8(a), the Court notes that to the extent that Plaintiffs seek to bring such a claim under state law, any such claim is preempted by ERISA given that Plaintiffs have predicated their entire claim on a breach of the VSP. For instance, the Complaint alleges that Defendants made "false statements to Plaintiffs regarding the nature of and cost of retiree medical coverage," and, in doing so, "breached the terms of their contract with Plaintiffs under the terms of the Voluntary Severance Plan." (Compl., ¶¶ 21, 31). The theory underlying such a claim clearly requires the Court to examine the terms of the VSP, as well as any representations made about the Plan. Such a claim unquestionably "relates to" the VSP, and is therefore preempted by ERISA. See Shaw, 463 U.S. at 97.

Law Against Discrimination

Plaintiffs' Law Against Discrimination claim alleges that "Defendants . . . were motivated by an unlawful plan to eliminate from the workforce of Defendants, AGL and NUI, employees 54 years of age and older." (Compl., ¶ 32).[11]  In order to effectuate this plan, the Complaint further alleges that Defendants made false and misleading statements to Plaintiffs regarding (a) the nature and cost of retiree medical coverage, and (b) the potential risk of unemployment, in order to induce Plaintiffs to participate in the VSP. (Id., ¶¶ 33-34).

Defendants argue that because the allegations set forth in count seven "relate to" the VSP, Plaintiffs' Law Against Discrimination Claim is completely preempted by ERISA and should therefore be dismissed. (AGL Def. Br. at 15).  In support of this assertion, AGL Defendants cite to a factually similar case wherein the plaintiff alleged the defendant had violated the New Jersey Law Against Discrimination ("NJLAD") by terminating plaintiff so as to avoid paying benefits under defendant's ERISA-governed health and retirement plan. See Wood v. Prudential Ins. Co. of Am., 207 F.3d 674, 679 (3d Cir. 2000) (finding that "ERISA preempted Wood's state claim of discrimination."). In affirming the district court's determination that plaintiff's NJLAD claim was preempted by ERISA, the Third Circuit noted that a "claim of discharge based on a 'benefits-defeating' motive comes under Section 510 of ERISA."). Id. at 677.  The Court also went on to explain that "Congress enacted this section to prevent unscrupulous employers from discharging or harassing their employees in order to prevent them from obtaining their statutory

---

[11] Defendants construe Plaintiffs Law Against Discrimination Claim as brought pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.  The Court notes, however, that it is entirely unclear from the Complaint whether Plaintiffs wish to assert their claim of discrimination pursuant to N.J.S.A. 10:5-1, et seq.  In any event, based on the reasons discussed above, the Court need not dwell on this issue at this time. See Wood, 207 F.3d at 677.

or plan-based rights." Id. (quoting Zipf v. Am. Telephone and Telegraph Co., 799 F.2d 889, 891 (3rd Cir.1986)).

Curiously, Plaintiffs make absolutely no effort to refute Defendants' preemption argument.[12] In fact, Plaintiffs do not even address the Wood decision, 207 F.3d 674, which is, of course, binding on this Court. Instead, Plaintiffs argue, generally, that "if this Court finds that ERISA does not preempt or otherwise allows [Plaintiffs' discrimination and fraud claims], they should not be dismissed because they are legitimate and meritorious and, outside of the preemption and particularity issues, the AGL Defendants do not appear to dispute such." (Pl. Opp'n Br. at 20). Despite Plaintiffs' obvious maneuvering in this regard, the Court has considered the merits of AGL Defendants' argument, and agrees that such a "benefits-defeating" motive – addressed by the Third Circuit in Wood – forms the very basis of Plaintiffs' state law claim of discrimination. See Compl., ¶¶ 15-17, 32. Moreover, Plaintiffs' claim, which is predicated on statements allegedly made by Defendants in an attempt to induce employees "54 years of age and older" into entering into the VSP, clearly "relates to" the VSP. See Shaw, 463 U.S. at 97; Rieser, 159 Fed. Appx. at 377-78. In light of the foregoing, the Court finds that Plaintiffs' state law discrimination claim is preempted by ERISA. Wood, 207 F.3d at 677; see generally Davila, 542 U.S. at 209. AGL Defendants' motion to dismiss the seventh count of

---

[12] Given that (a) Plaintiffs are represented by counsel, and (b) Plaintiffs have chosen to oppose other portions of AGL Defendants' motion to dismiss, the Court treats AGL Defendants' ERISA preemption argument as unopposed. Although the Court could dismiss Plaintiffs' Law Against Discrimination claim on such a basis, alone, the Court has also considered the merits of AGL Defendants' argument. See, e.g., Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir.1991); Darrick Enterprises v. Mitsubishi Motors Corp., No. 05-4359, 2007 WL 2893366, at *20 (D.N.J. Sept. 28, 2007).

Plaintiffs' Complaint is therefore granted.

### Fraud and Fraudulent Concealment

The eighth and ninth counts of the Complaint allege claims of fraud and fraudulent concealment. In particular, the eighth count of the Complaint ("Fraud") alleges that "Defendants, by their intentional false and misleading statements to the effect that retiree medical coverage would cost Plaintiffs the same as their contributions to medical coverage as active employees, did commit fraud." (Compl., ¶ 35). Similarly, the ninth count of the Complaint ("Fraudulent Concealment by Fiduciary") alleges that "Defendants acted in a fiduciary capacity toward Plaintiffs in connection with explaining to Plaintiffs the benefits of entering the Voluntary Severance Plan. Defendants intentionally concealed from Plaintiffs the true cost of retiree medical coverage [and] a plan to substantially increase the cost of retiree health coverage after Plaintiffs employment was severed." (Compl., ¶¶ 36-38). AGL Defendants argue that Plaintiffs' fraud and fraudulent concealment claims are preempted by ERISA, or, in the alternative, subject to dismissal for failure to plead with particularity. (AGL Def. Br. at 17-19). Once again, the Court notes that Plaintiffs make no effort – <u>at all</u> – to refute Defendants' preemption argument. <u>See</u> Pl. Opp'n Br. at 20.[13]

Despite Plaintiffs' failure to oppose AGL Defendants' preemption argument, the Court has, in any event, considered the merits of this argument. Utilizing the "broad common-sense meaning"[14] of the phrase "relate to," the Court concludes that Plaintiffs' state law claims of fraud and fraudulent concealment – which are predicated on fraudulent statements allegedly made by

---

[13] Such an argument is, therefore, deemed unopposed. <u>See</u> <u>supra</u> note 12.

[14] <u>See</u> <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41, 47 (1987).

Defendants to Plaintiffs regarding their severance benefits – clearly "relate to" the VSP. See Shaw, 463 U.S. at 97. Plaintiffs' claims of fraud and fraudulent concealment are therefore preempted by ERISA. See, e.g., Rieser, 159 Fed. Appx. at 377-78 (finding that plaintiff's common law fraud claim was preempted by ERISA).[15] AGL Defendants' motion to dismiss the eighth and ninth counts of Plaintiffs' Complaint is hereby granted.

## II.   Local 424 Defendants' Motion to Dismiss

Because the Court has already dismissed counts four through nine of Plaintiffs' Complaint – in granting AGL Defendants' motion to dismiss – the Court need not consider arguments raised by Local 424 Defendants regarding dismissal of said counts. Rather, the Court will focus its analysis on the arguments raised by Local 424 Defendants' in support of their motion to dismiss count ten – the only count remaining in the Complaint.[16]

The tenth count of the Complaint alleges that Local 424 Defendants "committed bad faith toward its Plaintiff members" by: (a) "acting in conflict to the interest of older union members by inducing them to accept the Voluntary Severance Plan," (b) "making false and misleading statements to Plaintiffs regarding the nature and cost of retiree medical coverage, and (c) "fail[ing] to adequately inquire into the cost of retiree medical coverage," etc. (Compl., ¶ 9). In support of their motion to dismiss count ten, Local 424 Defendants offer three grounds for dismissal. First, they argue that, to the extent count ten should be construed as "an attempt by Plaintiffs to set forth a breach of the duty of fair representation cause of action," any such claim

---

[15] The Court, therefore, need not address Defendant's argument that such claims are subject to dismissal for failure to comply with Federal Rule of Civil Procedure 9(b).

[16] Counts one through three are not substantive claims; rather, they are jurisdictional allegations, party identification, and factual allegations which relate to counts four through ten.

is outside the applicable six month statute of limitations and must, therefore, be dismissed. (Local 424 Def. Br. at 10 n. 5). In the alternative, they argue that, to the extent that count ten should be construed as a common law tort claim of bad faith, any such claim is preempted by ERISA. (Local 424 Def. Br. at 16) (citing to LaMonica, 1997 WL 80991 at *6) (finding that common law tort claims of "bad faith" are preempted by ERISA. Finally, as a third alternative, Local 424 Defendants argue that Plaintiffs' common law tort claim of bad faith would also be preempted by the Labor Management Relations Act, despite the fact that Plaintiffs have not expressly "asserted jurisdiction pursuant to the Labor Management Relations Act or the National Labor Relations Act." (Local 424 Def. Br. at 10, 18). Plaintiffs' opposition brief fails to address any of these arguments.

The Court has reviewed the contents of count ten and cannot decipher what substantive claim – if any – Plaintiffs have attempted to assert therein. Moreover, given Defendants own course of conduct, it is clear to the Court that Local 424 Defendants have not received proper notice of what substantive claim – if any – comprises count ten, and the specific grounds upon which it rests. Such pleading violates Rule 8(a). See, e.g., Erickson, 127 S. Ct. 2197, 2200 (2007) (plaintiff's "statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'") (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007)). The Court, therefore, dismisses the tenth count of the Complaint for failure to comply with Rule 8(a), without prejudice.[17]

---

[17] Because the Court dismisses Plaintiffs' Complaint, in its entirety, the Court need not address AGL Defendants' request that the Court strike Plaintiffs' request for (1) a jury trial, and (2) compensatory and/or punitive damages.

14

**CONCLUSION**

For the reasons set forth above, the Court dismisses the following claims <u>with</u> prejudice: (1) law against discrimination, (2) fraud, and (3) fraudulent concealment.  The Court dismisses the following claims <u>without</u> prejudice: (1) breach of fiduciary duty, (2) equitable estoppel, and (3) breach of contract,[18] and provides Plaintiffs with thirty (30) days from the entry of the attached Order in which to file an Amended Complaint which cures the pleading deficiencies in such claims.   Plaintiffs' failure to file an Amended Complaint will result in the dismissal of such claims <u>with</u> prejudice.


Dated: February 11, 2008

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

---

[18] Again, to the extent that count ten attempts to assert a substantive claim, such claim is dismissed without prejudice.